IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA SMITH,

        Plaintiff,        1: 06 CV 1283 AWI WMW PC

   vs.        FINDINGS AND RECOMMENDATION

K. WILSON, et al.,

        Defendants.

      On July 7, 2008, an order was entered, directing Plaintiff to appear at her properly noticed deposition. The order was entered in response to Defendants' motion for sanctions filed on March 20, 2008. In the July 7, 2008, order, the court noted that Plaintiff failed to respond to the motion for sanctions. The deposition was noticed for March 5, 2008. On that date, Plaintiff failed to appear for her deposition. Counsel for Defendants did not receive any telephone calls from Plaintiff or anyone on her behalf indicating that she would not be appearing or would need to re-schedule. Counsel for Defendants took a Certificate of Non-Appearance.

      Defendants correctly noted that authorized sanctions include dismissal of this action. Federal Rule of Civil Procedure 37(d), <u>Estrada v. Rowland</u>, 69 F.3d 405, 406 (9th Cir. 1995)(indicating that the sanction of dismissal is applicable to depositions when the party literally fails to appear). The court did not grant Defendants' request for dismissal, but did grant

their alternative request that Plaintiff be ordered to appear for her deposition. Accordingly, an order was entered, directing Plaintiff to appear at her properly noticed deposition. Plaintiff was specifically cautioned that if she failed to do so, the court would recommend dismissal of this action as a sanction.

On September 5, 2008, Defendants filed a motion for sanctions, or in the alternative, dismissal of this action. Defendants note that Plaintiff was re-noticed to appear at a deposition on August 5, 2008. Plaintiff failed to appear at the August 5, 2008, deposition, despite more than 14 days notice. Plaintiff also failed to oppose the September 5, 2008, motion for sanction or to dismiss.

Defendants correctly noted that among the actions the court is authorized to take under Federal Rule of Civil Procedure 37(b)(2) are several type of sanctions, including dismissal. Rule 37(b)(2)(C). Plaintiff has twice been warned that her failure to appear would result in dismissal of this action. Plaintiff has failed to appear at her noticed depositions and has failed to file opposition to Plaintiff's motions for sanctions and dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as a sanction for Plaintiff's failure to appear at her properly noticed deposition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

1   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2

3   IT IS SO ORDERED.

4   **Dated:    October 29, 2008**              **/s/  William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE